Mr. J ustice Richardson
delivered tbe opinion of the court.
That the defendants contracted to sell to the plaintiff a tract of laird for $>2200, and that they received $20 in part payment, are unquestionable facts. That the plaintiff very soon after, demanded titles, after tendering the first in-stalment, or at least was offering to tender the money, when he was stopped by Crovafs expressly refusing to make titles, are equally certain. The plaintiff having offered to perform his part of the contract, and the defendants refusing to do Ihe'like on their part, gives a right of action ; provided the contract was originally binding in law.
The objection to the contract is, that it is not according to the Statute of Frauds, See. (29 Charles, 2, C. 3. P. L. 82,) in not having been reduced to writing, &c.
This Statute enacts, &c. “ that no action shall be brought, &c. — upon any contract or sale of land, &c. — unless the agreement, &c. — or some memorandum or note, &c. — shall be in writing, and signed by the party so charged therewith, or some other person thereunto by him lawfully' authorized.”
In the case before us, the receipt was an intelligible note in writing, and signed by the defendants. It imports the assent of both parties, both in its terms, and by the acts set forth; which is what the statute requires. It is enough that the writing signed by one, imports an agreement and has been accepted by the other. It need not be signed by both. (See 1 Vesey, Jun. 326. Roberts, 109.) This is indeed well illustrated by an ordinary mesne conveyance, which is signed but by the donor. No particular form is required by the statute. (2 Vent. 361. 1 Vern. 110. Peake, 217.) It is enough, if intelligible. I apprehend that there can be no question, that in such a case, the court of equity would specifically enforce the contract. (3 Taunton 175. 3 Wooddeson 468. 1 Vesey, Jr. 326, &c.) And where that court ought to give specific relief, this court, under the same testimony, will-give damages : for *428 though the courts differ in the mode of proof, and in the manner of giving relief to the injured party, yet in a ques tion of right and for the enforcement of law, which,, is the end of both courts, they agree.
King, for the motion.
Cogdell, contra,
But besides the receipt in writing, it appears well settled, that the payment of a substantial part of the purchase jnoney is such a part performat3ce as to take a case out of the statute. (Roberts 153. 1 Vernon, 472. 3 Atk. 4. Vesey 82. 4 Vesey, Jr. 720. Now upon this point, the' receipt is plain. “ Received on account of a plantation, &c.” sold to him for S2200, &c. The twenty dollars, by the literal import of the receipt itself, is plainly a payment.
I need not notice at large the objections to the verdict, arising out of the facts in evidence. The plaintiff’s case was very well made out. Justice is on his side; as the defendants had wilfully broken their contract, and, that too, most evidently for gain. In such a case, seeing that the plaintiff’s claim was legal, the jury must have given very heavy damages before a new trial would be granted. But they appear to have taken as a measure of damages, the probable gain to the defendants, arising from their breach of the contract, which is a rational measure of the amount of the loss to the plaintiff from the same cause.
The motion is therefore refused.
Justices Johnson and Huger, concurred»
Mr. Justice Gantt, dissented.